# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID E. HANSLEY, SR., o/b/o, EDGAR HANSLEY, JR., deceased, : : Plaintiff : : v. : : COMMISSIONER OF SOCIAL SECURITY, : : Defendant : | CIVIL ACTION NO. 3:17-0267 JUDGE MANNION |

# O R D E R

Pending before the court is the report of Magistrate Judge Karoline Mehalchick which recommends that the Commissioner's decision be vacated and that the instant action be remanded to the Commissioner to conduct a new administrative hearing. (Doc. 19). By letter dated March 7, 2018, the Commissioner has waived the opportunity to object to Judge Mehalchick's report. (Doc. 20). No objections have been filed by the plaintiff. Upon review, the report will be adopted in its entirety.

When no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give

some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

In his appeal, the plaintiff argues that the ALJ erred in crediting the opinion offered by a state agency examining physician over the opinions of the plaintiff's treating physician and two later agency experts. In addition, the plaintiff argues that the ALJ erred by failing to realize that the residual functional capacity, ("RFC"), found falls below two exertional levels. Finally, the plaintiff argues that the ALJ erred in his credibility analysis by failing to find the plaintiff credible based on his stellar work history.

In carefully considering the plaintiff's claims, Judge Mehalchick found that the ALJ erred in the weight afforded to the four medical source opinions. Specifically, Judge Mehalchick found that the rationale cited by the ALJ for affording great weight to the State agency medical consultant is specifically contradicted by the evidence and the completeness of the examining physician changed over the nearly three years elapsing between examination and the date of the ALJ's decision. As such, Judge Mehalchick found the weight afforded the medical opinions by the ALJ runs afoul of the policy interpretation outlined in SSR 96-6p. Accordingly, Judge Mehalchick recommends that the decision of the ALJ be vacated and the matter be

remanded to fully develop the record, conduct a new administrative hearing, and appropriately evaluate the evidence pursuant to sentence four of 42 U.S.C. §405(g).

The court has reviewed the entire report of Judge Mehalchick and finds no clear error of record. The court further agrees with the sound reasoning which led Judge Mehalchick to her recommendation. As such, the court adopts the reasoning of Judge Mehalchick as the opinion of the court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The report and recommendation of Judge Mehalchick, **(Doc. 19)**, is **ADOPTED IN ITS ENTIRETY**.

**(2)** The decision of the Commissioner is **VACATED**.

**(3)** The instant action is **REMANDED** to the Commissioner to fully develop the record, conduct a new administrative hearing, and appropriately evaluate the evidence pursuant to sentence four of 42 U.S.C. §405(g).

**(4)** The Clerk of Court is directed to **CLOSE THIS CASE**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: March 22, 2018**

O:\Mannion\shared\ORDERS - DJ\CIVIL ORDERS\2017 ORDERS\17-0267-01.wpd